Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 346 | **DATE** | 6/18/2003 |
| **CASE TITLE** | BARRY SPITZER vs. BILLY ROY PATE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Third-party defendants', Barry and Eric Spitzer's, motion to dismiss is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | JUN 19 2003 date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| LG | courtroom deputy's initials | 03 JUN 18 PM 6:29 date mailed notice |
| | | Date/time received in central Clerk's Office — mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BARRY SPITZER, in his capacity as Executor of the Estate of Milton J. Spitzer, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 03 C 346 ) ) Honorable John W. Darrah |
| BILLY ROY PATE, | ) ) |
| Defendant/Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| BARRY SPITZER, individually, and ERIC SPITZER, | ) ) ) |
| Third-Party Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Barry Spitzer ("Barry"), executor of the Estate of Milton J. Spitzer, filed a two-count complaint against Defendant, Billy Roy Pate ("Pate"), alleging breach of contract and unjust enrichment. Pate answered the complaint and filed a single-count third-party complaint against Plaintiff and Eric Spitzer ("Eric") (collectively "the Spitzers"). The Spitzers move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the third-party complaint. For the reasons that follow, Third-Party Defendants' Motion to Dismiss is granted.

**DOCKETED**
**JUN 1 9 2003**

## LEGAL STANDARD

When considering a motion to dismiss, well-pleaded allegations in the complaint are accepted as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelly v. Crosfield Catalysts*, 135 F.3d 1202,

1205 (7th Cir. 1998). Dismissal is proper only when it appears beyond doubt that Plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Board of Education*, 143 F.3d 351, 359 (7th Cir. 1998).

"Although the Federal Rules of Civil Procedure do not require a plaintiff 'to set out in detail the facts upon which he bases his claim,'... he must 'set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery.'" *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985) (internal citation omitted). A complaint will not avoid dismissal if it contains "bare legal conclusions" absent facts outlining the basis of the claims. *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991).

## BACKGROUND

For purposes of this Motion to Dismiss, the following allegations are taken as true.

The Estate of Milton J. Spitzer ("the Estate") was opened in Florida where Milton J. Spitzer resided and was domiciled at the time of his death. Barry was appointed executor of Milton J. Spitzer's estate.

In or about July 1998, Pate, Barry and Eric borrowed $590,000.00 from the First National Bank of Blue Island ("the Bank"). In connection with the loan, each of the borrowers executed a promissory note in favor of the Bank. In order to obtain the loan, the Estate pledged certain securities to the Bank to secure repayment of the note. As a condition of the pledge, the borrowers entered into a Payment and Contribution Agreement ("the Agreement") in favor of the Estate on or about July 11, 1998.

The Agreement provided:

Each Contributor hereby continually, irrevocably and unconditionally agrees to pay

-2-

> one-third (1/3) of all losses, claims, principal, interest, costs, expenses and liabilities incurred by the Estate with respect to or arising out of the Pledge. Each Contributor's prorata [sic] share sometimes hereinafter collectively referred to as "Shares" and individually as a "Share".
>
> If the Bank were to seek to enforce the Pledge, the Estate shall immediately deliver a copy of such notice to the Contributors. If each Contributor does not deposit one-third of the amount demanded by Bank with Bank within three (3) days after notice of demand therefor, each Contributor and the Estate shall have the right to pay to the Bank the total amount, or any part thereof, demanded by Bank, in which event the Estate and/or each such Contributor shall be referred to herein as a "Payor."

(Compl. Ex. A. ¶ 1.) The Agreement also provided that "[e]xcept as expressly provided in this Agreement, each Contributor agrees that its respective obligations, covenants and agreements under this Agreement shall not be affected or impaired by (i) any act or omission of any other Contributor, the Estate, the Company or the Bank in any way related to or affecting the [l]oan, or (ii) any other event or condition." (*Id.* ¶ 4.) Pursuant to the Agreement, the borrowers acknowledged and assumed the obligation to remain informed of all circumstances bearing on the existence, creation, or risk of non-payment of the loan. (*Id.* ¶ 5.)

On February 4, 2002, the Bank issued a written notice to the borrowers, declaring a default of the loan and demanding immediate payment. The Bank also indicated its intention to proceed against the collateral. On February 7, 2002, the Estate wrote to Pate, demanding that he pay his one-third share of the amount demanded by the Bank. Pate, Barry, and Eric failed to pay their one-third shares of the amount demanded by the Bank. The Estate was required to pay $445,684.00 to satisfy the borrowers' obligation under the note. The Estate paid an early withdrawal fee of $41,681.48 for use of the annuity it had pledged to the Bank.

By a certified letter dated July 12, 2002, the Estate demanded Pate pay his one-third share, $162,434.41. Pate has not paid the amount sought by the Estate.

The Estate filed suit against Pate, alleging that Pate had breached the Agreement, that Pate had been unjustly enriched and seeking judgment against Pate in the amount of $162,434.41 plus accrued interest and any other relief the Court deems equitable.

Pate then filed a third-party complaint against Barry and Eric, alleging that, to the extent that he is liable for and is required to pay the Estate any money, he is entitled to contribution from them for their pro rata share of such amount.

## **DISCUSSION**

The Spitzers move to dismiss Pate's third-party complaint, arguing that it fails to state a claim for contribution.

Under Illinois law,

> [i]n an action for common law contribution, the right to contribution arises due to the compulsory payment by a joint obligor of more than his share of a common obligation. . . . Before one is entitled to contribution from his co-obligor, the evidence must disclose that he has paid more than his just proportion of the joint indebtedness and it must also disclose what that excess is.

*Ruggio v. Ditkowsky*, 147 Ill. App. 3d 638, 642 (1986) (internal citations omitted).

The third-party complaint fails to state a claim for contribution. The third-party complaint alleges that if Pate is liable to the Estate, he is entitled to contribution from the Spitzers. However, the third-party complaint fails to allege that Pate has paid more than his share of a common obligation and what that excess is. Pate's answer admits that he did not pay any of the money that was demanded by the Bank. (Answer ¶ 13.)

Pate argues that he has stated a claim for contribution because he is the only party from whom the Estate seeks reimbursement in this action. Pate argues that "[i]f the Estate only seeks[,] under the Agreement[,] to recover one-third of its alleged losses, and Pate alone is required to pay

-4-

the entire one-third, then Pate has paid more than his just proportion of the obligation . . . because his co-obligors have paid nothing." (Third-Party Pl. Pate's Resp. Third-Party Defs.' Mot. Dismiss at 5.) This argument is inapposite. Pate is being sued on the Agreement, not the promissory note. The Agreement provides for individual, and not joint, liability. (Compl. Ex. A ¶ 1)("Each Contributor hereby continually, irrevocably and unconditionally agrees to pay one-third . . . of all losses, claims, principal, interest, costs, expenses and liabilities incurred by the Estate with respect to or arising out of the Pledge.")

Furthermore, the prayer for relief in the Estate's complaint against Pate seeks $162,434.41, which is one-third of the sum of the amounts paid by the Estate to the Bank and the expenses incurred by the Estate arising out of the Agreement. Moreover, as was noted above, Pate admits that he has not actually paid any money to either the Bank or the Estate. (Answer ¶¶ 13, 16.) Thus, Pate has not adequately pled a claim for contribution. It is clear that Pate can prove no set of facts that would support the allegations in the third-party complaint, *Strasburger*, 143 F.3d at 359; and, therefore, the third-party complaint is dismissed.

## CONCLUSION

For the reasons stated herein, Third-Party Defendants', Barry and Eric Spitzer's, Motion to Dismiss is granted.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: June 18, 2003